IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | No. 3:04-cr-00142 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| MACK STONE | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion Under Section 404 of the First Step Act of 2018 for the Imposition of a Reduced Sentence (Doc. No. 117, "Motion") filed by Defendant Mack Stone, wherein he seeks a reduction of his 30-year sentence based on the Court's alleged failure to consider a mandatory factor when granting his previous Section 404 Motion. For the reasons stated herein, the Court concludes that Defendant's Motion is procedurally barred.

Defendant's Motion arises from his conviction on one count, namely conspiracy to distribute 50 grams to more of crack cocaine (cocaine base), in violation of 21 U.S.C. § 846. (Doc. No. 16). On November 5, 2004, Defendant was found guilty by a jury on the single count. (Doc. No. 41). On February 23, 2005, the Court sentenced Defendant to a statutorily mandated life sentence. (Doc. No. 59).

On January 28, 2019, Defendant filed a motion pursuant to Section 404 seeking a sentence reduction (Doc. No. 102). On September 6, 2019, the Court granted Defendant's motion and reduced his sentence from life to 30 years imprisonment. (Doc. No. 116). On January 26, 2021, Defendant filed the instant Motion. (Doc. No. 117).

## LEGAL STANDARD

Section 404 of the First Step Act of 2018 gives retroactive effect to segments of the Fair Sentencing Act of 2010, Public Law 111–220, 124 Stat. 2372 ("2010 FSA"), which increased the respective threshold quantities of crack cocaine required to trigger each of the tiered statutory maximum and minimum punishments prescribed by 21 U.S.C. § 841(b)(1).[1] *See* First Step Act § 404; 2010 FSA § 2.

Section 404 permits courts to grant relief for defendants convicted of a "covered offense," meaning "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the [2010 FSA], that was committed before August 3, 2010[.]" § 404. By its terms, Section 404(b) makes a defendant eligible for relief provided only that the defendant was convicted of a "covered offense." Nothing more is required for the defendant to be eligible for relief. *E.g.*, *United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. 2019), *aff'd in part*, *vacated in part*, *remanded*, 960 F.3d 774 (6th Cir. 2020) ("[E]ligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act."); *United States v. Burke*, No. 2:08-CR-63(1), 2019 WL 2863403, at *3 (E.D. Tenn. July 2, 2019) ("[T]he defendant is eligible for relief as to Count One under the First Step Act because he was convicted of a 'covered offense' under Section 404(a)'s definition.").

---

[1] One of the 2010 FSA's chief objectives was remedying the unjustifiable disparity in statutory sentencing ranges for crack cocaine versus powder cocaine. Prior to the 2010 FSA, quantity-based crack punishments compared to powder cocaine punishments at a ratio of 1:100; 50 grams of crack cocaine warranted the same statutory punishment tier as 5,000 grams of powder cocaine. Congress found that this discrepancy between the two substances' treatment had a disparate impact on African-American communities. *See, e.g.*, *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). The 2010 FSA decreased that ratio to 1:18. Pub. L. No. 111-220, 124 Stat 2372.

2

If the defendant is eligible for relief based on satisfying this single requirement, a court (namely, the one that sentenced him previously) may "impose a reduced sentence as if Sections 2 and 3 of the [2010 FSA] were in effect at the time the covered offense was committed." § 404(b). Importantly, that is the relief (and the only relief) available under the First Step Act: "a reduced sentence ... as if Sections 2 and 3 of the [2010 FSA] were in effect at the time the covered offense was committed." However, "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to [that] section." § 404(c). Instead, the decision to impose a reduced sentence for an eligible defendant is within the court's discretion. *Boulding*, 379 F. Supp. 3d at 654 (First Step Act "leav[es] the Court with discretion to deny relief completely, or to tailor relief to fit the facts of the case."); *Burke*, 2019 WL 2863403, at *3 ("Because the defendant is eligible for relief, this Court has the discretion under 404(b) to impose a reduced sentence in accordance with the statutory penalties.") (internal quotation marks omitted).

## DISCUSSION

Section 404(c) of the First Step Act creates a general prohibition (hereinafter, "relitigation bar") against the filing of successive motions under that section. The relitigation bar is prescribed in the following language:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

§404(c). Accordingly, the Court finds that Defendant's Motion is procedurally barred under Section 404(c) because Defendant's sentence was previously reduced, in accordance with the

3

amendments made by sections 2 and 3 of the Fair Sentencing Act, when his first Section 404 motion was granted. (*See* Doc No. 116).[2]

Both Defendant and the Government agree that this relitigation bar is waivable.[3] (Doc. Nos. 117, 119). However, the Government has declined to waive the bar for the instant Motion. (Doc. No. 119).

Defendant argues that even without the Government's waiver, the Court can still entertain the Motion based on certain language—the reference to a denial of a Section 404 motion "after a

---

[2] Conceivably, Defendant could have argued that this prior reduction was done not "in accordance with" the amendments made by the 2010 FSA but rather only in accordance with Section 404 of the First Step Act, and thus does not trigger the relitigation bar. But Defendant made no such argument.

Any such argument would have been without merit in any event. While the text of Section 404(c) does not make reference to a reduction under the First Step Act in particular, at least one court has found that because the First Step Act and the Fair Sentencing Act operate together to reduce a prisoner's sentence, bringing a Section 404 motion triggers the relitigation bar. *See United States v. Hart*, 983 F.3d 638, 641 (3d Cir. 2020) ("[Defendant] tries to get around [the Section 404(c)] bar. He argues that his sentence was shortened 'in accordance with' the 2018 First Step Act, not the 2010 Fair Sentencing Act. We disagree. While it was shortened under the 2018 Act, it was also shortened under the 2010 Act. One [the Fair Sentencing Act] lowered his mandatory minimum; the other [the First Step Act] let him enjoy that new minimum retroactively. Because he needed both [to reduce his sentence], the bar applies to him.") The Court agrees that a reduction under Section 404 is a reduction "in accordance with the amendments made by section 2 and 3" of the 2010 FSA and thus renders the relitigation bar generally applicable.

[3] Although both parties agree that Section 404(c)'s relitigation bar is waivable, it is worth briefly explain the underlying authority in support of this proposition. In *United States v. Hart*, the Third Circuit considered whether Section 404(c) represented a nonwaivable jurisdictional bar. 983 F.3d 638 (3d Cir. 2020). It stated that the relitigation bar limited a remedy and that "[l]imits on just a remedy normally are not jurisdictional." *Id.* at 642. The *Hart* court also noted that the language of the statute was inconclusive regarding whether the bar was jurisdictional and that a rule is not jurisdictional without Congress' clear intent. *Id.* at 641-42; *see also United States v. Smithers*, 960 F.3d 339, 344 (6th Cir. 2020) ("[A] statutory limit will qualify as jurisdictional only if Congress clearly says so."). This lack of clear Congressional intent combined with the fact that Section 404(c) limits a remedy led the *Hart* court to conclude that the relitigation bar is nonjurisdictional and therefore can be waived. 983 F.3d at 643 ("[The Section 404(c) relitigation bar] is not clear enough to overcome the strong presumption that its remedial limit is nonjurisdictional."). The Court finds this reasoning persuasive and agrees with both parties that the relitigation bar is waivable.

4

complete review of the motion on the merits—that qualifies to an extent the applicability of the relitigation bar contained within Section 404(c). That is, Defendant argues that his previous Section 404 motion was not given a "complete review… on the merits" inasmuch as the Court allegedly did not consider Defendant's post-sentencing rehabilitation during resentencing. (Doc. No. 117). The Government contends that the "complete review" qualifying the relitigation bar applies only to a previously *denied* Section 404 motion, whereas Defendant's case involves only a previously *granted* Section 404 motion. The Government contends additionally that even if Defendant's interpretation of the statute is correct, such that the qualifying language is applicable even to a previously granted motion, it would make no difference here because (according to the Government) the Court did provide him with a "complete review of [his] motion on the merits." (*Id.*).

Defendant has not provided the Court with any authority in support of his assertion that the "complete review" language applies to previously granted Section 404 motions, and the Court has been unable to find any authority supportive of this position on its own. The Court also notes that Congress rationally could choose to prescribe this qualification for a successive motion if it follows a prior denial of a motion but not if it follows a prior grant of a motion.[4] Defendant also concedes, and the Government agrees, that the "complete review" language is textually associated only with

---

[4] For example, Congress could take the position that a *denial* of a Section 404 motion after something less than a "complete review" by the district court is more suspect than the *grant* of a Section 404 motion after something less than a complete review. A defendant is more likely to have received short shrift from the district court in the former situation than in the latter situation; thus, it is more appropriate to authorize the defendant to come back to the district court after the former situation (a denial) than the latter situation (a grant). Congress could also take the position that if the defendant's first section 404 motion was granted, the defendant's only complaint could be that the extent of the grant (*i.e.*, the amount of the reduction) was unreasonably low—a complaint that Congress could conclude should be remedied not via a second motion in the district court, but rather exclusively via an appeal whereby the amount of the reduction would be reviewed by the court of appeals (most likely for abuse of discretion).

5

previously denied Section 404 motions. Without binding (or even merely persuasive) legal authority indicating that the "complete review" language extends to previously granted Section 404 motions, the Court cannot find that it applies to anything (such as previously granted Section 404 motions) beyond previously denied Section 404 motions. Accordingly, Defendant cannot avoid the relitigation bar even if it were true that his prior Section 404 motion was not given a "complete review…on the merits." Therefore, the relitigation bar applies, and Defendant's Motion is procedurally barred because his sentence has been "previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010" through his first Section 404 motion. § 404(c).

As the Court has concluded that the "complete review" language does not apply to previously granted motions, it need not consider whether Defendant's previous Section 404 motion received a "complete review . . . on the merits." Nonetheless, the Court will address the issue out of an abundance of caution. "[T]he necessary review [of a Section 404 motion]—at a minimum— includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020). While a district court must consider all of the § 3553(a) factors, it retains discretion over how to weigh them. *United States v. Ware*, 964 F.3d 482, 487 (6th Cir. 2020).

Defendant asserts that the Court categorically declined to consider his post-sentencing rehabilitation and that as a result, he was not given a "complete review of [his] motion on the merits." Defendant is correct that post-sentencing rehabilitation can be considered when resentencing under Section 404. *See Pepper v. United States*, 562 U.S. 476, 504) (2011) (holding that courts are allowed to consider post-sentencing behavior when resentencing prisoners); *United States v. Martin*, 817 F. App'x 180, 183 (6th Cir. 2020) (stating that a district court may consider

post-conviction circumstances when resentencing under Section 404). However, consideration of post-sentencing rehabilitation is not mandatory. *See United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020) ("[C]ourts *may* consider all relevant factors when determining whether to reduce a defendant's sentence under § 404." (emphasis added)); *United States v. Wilson*, 827 F. App'x 473, 485 (6th Cir. 2020) (holding that "the district court may—*but is not required to*—take into consideration [the defendant's] rehabilitation effort" when resentencing under Section 404 (emphasis added)); *United States v. Maxwell*, 991 F.3d 685, 691 (6th Cir. 2021) (stating that Sixth Circuit precedent *permits* the consideration of a defendant's conduct in prison when resentencing under Section 404).[5] Accordingly, the Court could have provided Defendant with a "complete review of [his] motion on the merits" without considering his post-conviction rehabilitation.

Although it was not required to, the Court actually did consider Defendant's post-sentencing rehabilitation when it resentenced him after granting his first Section 404 motion. Courts are not required to expressly mention a sentencing argument or alternative provided that the record as a whole shows that they considered the issue. *United States v. Smithers*, 960 F.3d 339, 345 (6th Cir. 2020); *see also Rita v. United States*, 551 U.S. 338, 356 (2007) (holding that a sentencing judge should provide enough reasoning to satisfy an appellate court that they have considered the parties' arguments and have a reasoned basis for their decision); *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964, 201 L. Ed. 2d 359 (2018) ("[T]he sentencing judge need only 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" (quoting *Rita*, 551

---

[5] Defendant has argued that the Sixth Circuit's opinion in *Boulding* stands for the proposition that the Court must undertake a thorough review of the § 3553(a) factors *including* post-sentencing rehabilitation. (Doc. No. 117 at 9). While the *Boulding* court did note that the district court considered the defendant's post-sentencing conduct, it did not hold that such consideration was mandatory. *See Boulding*, 960 F.3d at 784.

7

U.S. at 356)). In its Memorandum Opinion granting Defendant's first Section 404 motion and reducing his sentence to 30 years, the Court stated:

> [M]ost of Defendant's rationales for his proposed 20-year sentence relate to post-sentencing rehabilitation and his age-based low recidivism risk. (Doc. No. 102 at 6). Any such rehabilitation is laudable and will inure to Defendant's benefit in ways that transcend the amount of his sentencing reduction. But as indicated above, the Court does not treat this motion as one for plenary resentencing, and therefore will not consider Defendant's factual allegations of rehabilitation since his original sentence, especially given that the vast majority of Defendants never receive—or even get to pursue—a reduced sentence based on such a rationale.

(Doc. No. 115 at 17). The Court grants that this language could give the appearance that the Court did not even consider post-sentencing rehabilitation. Such an appearance would actually be an inaccurate interpretation of admittedly ambiguous language. Via this paragraph, the Court did consider Defendant's post-sentencing rehabilitation—acknowledging both its existence and the question of whether to afford it any significance when deciding the amount of the sentence reduction— but then declined to give it any weight due to the sentencing disparities that it would create between those defendants who had the procedural ability to present evidence of post-sentencing rehabilitation and those who did not. This decision is within the Court's discretion. *See Ware*, 964 F.3d at 487 (holding that district courts retain discretion over how much weight to give different sentencing factors when reconsidering a defendant's sentence pursuant to Section 404). Furthermore, the Court is allowed focus its inquiry on the most relevant factors (which may not include post-sentencing rehabilitation) when resentencing under Section 404. *See id.* ("The district court assessed at length several of the § 3553(a) factors that it deemed most pertinent to [Defendant's] case. The court was not required to recite each factor in the statute, and it was not an abuse of discretion for the court to have focused on the three factors that it deemed most relevant."). And, lest there be any doubt, the Court was entirely aware of its discretion to place on post-sentencing rehabilitation whatever weight it believed appropriate.

8

As Defendant's post-sentencing rehabilitation was considered (albeit given no weight) when his sentence was previously reduced, the instant Motion would be subject to the relitigation bar even if consideration of post-sentencing rehabilitation was required to provide Defendant with a "complete review of [his] motion on the merits" (assuming that the "complete review" language actually applied to a defendant that had had a prior Section 404 motion granted rather than denied). Therefore, Defendant's Motion would be procedurally barred even under his interpretation of Section 404(c).

## CONCLUSION

For the above-mentioned reasons, Defendant's Motion (Doc. No. 117) will be **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE